UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MICHAEL WELCH-BEY**, | |
| Petitioner, | |
| v. | Case No. 18-cv-2671 (CRC) |
| **UNITED STATES OF AMERICA**, | |
| Respondent. | |

**MEMORANDUM OPINION**

Petitioner Michael Welch-Bey is a District of Columbia parolee who has applied for a writ of habeas corpus. In its renewed opposition, ECF No. 15, the government asserts that Welch-Bey's petition is time-barred. See Mem. Op., ECF No. 12 (dismissing on jurisdictional grounds all but claim of appellate counsel ineffectiveness). For the following reasons, the Court agrees.

**I.   Background**

In January 1993, a jury in the Superior Court of the District of Columbia convicted Welch-Bey of "two counts of rape while armed, in violation of D.C. Code §§ 22-2801 and -3202 (1989 Repl.)," and "[h]e was sentenced to two consecutive terms of fifteen years to life in prison." Welch v. United States, 689 A.2d 1, 2 (D.C. 1996) (consolidated appeal of judgment of conviction and order denying collateral relief under D.C. Code § 23-110).

The government documents that on September 26, 1996, the D.C. Court of Appeals denied Welch-Bey's petition for rehearing of the foregoing decision, Gov't Ex. 4, and on October 4, 1996, issued the mandate affirming his convictions. Opp'n 5 (citing DCCA Dockets 93-CF-355; 94-CO-1368). On December 29, 1997, Welch-Bey filed a motion to recall the

mandate, which was summarily denied on January 6, 1998.  Id. at 8.  Since then, Welch-Bey has filed four unsuccessful post-conviction motions.  See id. at 5-8 (recounting collateral proceedings under D.C. Code § 23-110); see also Gov't Ex. 14, U.S. v. Welch-Bey, No. 1990 FEL 11552 (D.C. Super. Ct. June 29, 2017) (comprehensive procedural history).  On October 26, 2018, more than three years after his release to parole, Welch-Bey filed this habeas action.  *See* Opp'n at 7 (noting  release date of March 27, 2015).

II.     Analysis

As a "would-be federal habeas petitioner," a District of Columbia prisoner must "comply with the strictures" of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which sets out "the federal court's labyrinth collateral review procedure."  Head v. Wilson, 792 F.3d 102, 106 (D.C. Cir. 2015) (internal quotation marks and citation omitted).  This includes filing a federal habeas petition within one year from the date a conviction becomes final "either by conclusion of direct review (*i.e*., denial of certiorari by the U.S. Supreme Court) or by expiration of the time for seeking direct review."  Id. (citing 28 U.S.C. § 2244(d)(1)(A) (parenthesis in original)).  AEDPA's statute of limitations is tolled during the pendency of "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim."  28 U.S.C. § 2244(d)(2).

As discussed above, the D.C. Court of Appeals affirmed Welch-Bey's convictions on June 25, 1996 and denied his petition for rehearing on September 26, 1996.  Because Welch-Bey did not petition the Supreme Court for a writ of certiorari, his convictions became final on December 25, 1996.  See Clay v. United States, 537 U.S. 522, 527 (2003) ("Finality attaches when . . . the time for filing a certiorari petition expires," running from the entry date of the final judgment or order sought to be reviewed, "not the issuance date of the mandate"); Sup. Ct. R.

2

13(1) ("[A] petition for a writ of certiorari to review a judgment in any case . . . entered by a state court of last resort . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment."). Welch-Bey pursued no relief from his convictions within one year of their finality to toll the limitation period. Moreover, the government argues convincingly that the instant petition brought more than 20 years later is subject to neither a statutory exception under 28 U.S.C. § 2244(d)(1) nor equitable tolling. See Opp'n 10-14. Despite the court's warnings that (1) the government's unopposed assertions could "be accepted as true," and (2) dismissal could be "based solely on the government's documented assertions in the opposition," Order, ECF No. 16 (emphasis supplied), Welch-Bey has not addressed his delay, much less offered an excuse for it. See generally Reply, ECF No. 17.

### III.  Conclusion

For the foregoing reasons, the Court concludes that the instant petition for a writ of habeas corpus is barred under AEDPA's one-year statute of limitations. Therefore, this case will be dismissed by separate order.

CHRISTOPHER R. COOPER  
United States District Judge

Date:  July 16, 2020